IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-237-BR
No. 5:19-CV-539-BR

| | |
|---|---|
| TRAVEON SHAQUILLE MARTIN ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 57.) Petitioner has filed a response in opposition to the government's motion. (DE # 60.)

In 2017, petitioner pled guilty to distribution of a quantity of cocaine base ("crack cocaine") and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1); distribution of a quantity of crack cocaine in violation of 21 U.S.C. § 841(a)(1); possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1); and possession of a stolen firearm in violation of 18 U.S.C. § 922(j). The Presentence Report ("PSR") deemed petitioner accountable for 2.45 grams of crack cocaine as part of his offense conduct. (DE # 25, ¶ 13.) Also, it recognized that while awaiting sentencing, petitioner had been charged in state court with felony and misdemeanor assault arising out of his attacking a corrections officer at the local jail. (Id. ¶ 25.) As a result of this new criminal conduct, the PSR found petitioner had not clearly accepted responsibility for the offenses, and therefore, petitioner did not receive a three-level reduction to his guideline offense level pursuant to U.S.S.G. § 3E1.1. (Id. ¶ 55.) Prior to sentencing, the government filed a motion requesting that the court upwardly depart or, alternatively, vary from the applicable sentencing guideline

range based on the inadequacy of petitioner's criminal history category.[1]

At sentencing, defense counsel objected to the PSR's conclusion that petitioner had not accepted responsibility as well as the government's upward departure/variance motion. The court overruled the objection to the acceptance-of-responsibility adjustment and concluded petitioner's guideline imprisonment range was 92 to 115 months. The court declined to upwardly depart from that range. However, the court varied upward and sentenced petitioner to a total term of 130 months imprisonment.

Petitioner appealed his sentence, arguing that this court erred in declining to reduce his guideline offense level for acceptance of responsibility. (See DE # 45, at 2.) The Fourth Circuit Court of Appeals affirmed. (Id. at 7.) Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied. Martin v. United States, 139 S. Ct. 929 (2019) (mem.).

On 25 November 2019, petitioner timely filed his § 2255 motion. (DE # 50.) In response, the government filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Rule 12,

---

[1] The terms "variance" and "departure" describe two distinct sentencing options available to a sentencing court. A departure is a sentence "imposed under the framework set out in the Guidelines." Conversely, a variance has been recognized as a non-Guidelines sentence (either above or below the properly calculated advisory Guidelines range) that is nevertheless "justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)."
United States v. Rivera-Santana, 668 F.3d 95, 100 n.6 (4th Cir. 2012) (citations omitted).

Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to § 2255 proceedings to the extent such rules are not inconsistent with any statute or the § 2255 rules).

Petitioner first claims the court miscalculated his guideline range because he did not receive the acceptance-of-responsibility reduction and the court improperly "gave [him] an upward departure due to a state charge" of which he was not convicted.[2] (Mot., DE # 50, at 4.) The government argues that this claim should be dismissed because these purported sentencing errors are not cognizable on collateral review under § 2255. (Mem., DE # 58, at 7.) The court agrees.

"The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a 'fundamental defect which inherently results in a complete miscarriage of justice' are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Neither of the errors of which petitioner complains— denial of acceptance of responsibility under U.S.S.G. § 3E1.1 and imposition of an upward variance—amount to such a fundamental defect. See id. at 939 ("[M]isapplication of the sentencing guidelines does not amount to a miscarriage of justice." (citations omitted)). As such, petitioner's first claim is not cognizable and will be dismissed.

Next, petitioner claims "lack of jurisdiction." (Mot., DE # 50, at 5.) Petitioner does not expound upon this claim or his contemporaneous "motion for expansion." (Id.) To the extent

---

[2] Throughout his filings, petitioner refers to the court's upward variance as an "upward departure." From the record, it is evident the court upwardly departed. (See 3/1/18 Tr., DE # 41, at 33, 34; Statement of Reasons, DE # 35, at 2, 3.)

3

petitioner alleges the court lacked jurisdiction over his criminal case, the claim is meritless. The crimes to which petitioner pled guilty are all federal offenses, and this court possesses subject matter jurisdiction over federal criminal prosecutions. See United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231."). Accordingly, petitioner's second claim will be dismissed.

Petitioner's final two claims allege ineffective assistance of counsel.

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." "Judicial scrutiny of counsel's performance must be highly deferential." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy."
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

United States v. Rangel, 781 F.3d 736, 742 (4th Cir. 2015) (citations omitted). The government contends that petitioner cannot satisfy either prong, and therefore, his remaining claims should be dismissed.

In his third claim, petitioner alleges counsel was ineffective by failing to challenge the drug quantity used to determine petitioner's sentencing guideline range and by failing to investigate or call available witnesses to support a lower sentence. (Mot., DE # 50, at 6.) Also, he appears to contend appellate counsel was ineffective for failing to raise the drug quantity issue on petitioner's direct appeal. (See Mem., DE # 50-1.)

Petitioner's sentencing guideline range was determined by his criminal history category

4

and total offense level. The quantity of drugs involved in petitioner's offenses had no bearing on petitioner's criminal history computation. (See PSR, DE # 25, at 6-7.) Petitioner's base offense level was determined by grouping the offenses and assigning the offense level based on the guideline for a violation of a firearm offense, U.S.S.G. § 2K2.1, (see id. at 11), *not* the guideline for violation of a drug offense, U.S.S.G. § 2D1.1. Adjustments were then made based on specific offense and victim-related characteristics, to arrive at the total offense level. (See id. at 11-12.) In short, nothing about this calculation had anything to do with the quantity of drugs involved. As such, trial counsel did not act deficiently in failing to challenge the drug quantity attributable to petitioner, and for the same reason, appellate counsel did not act deficiently in failing to raise the issue on appeal, see Johnson v. United States, No. CIV.A. 5:05-0412, 2008 WL 5869692, at *4 (S.D.W. Va. June 16, 2008) ("Claims of ineffective assistance of appellate counsel are examined under the same *Strickland* standards applicable to claims of ineffective assistance of trial counsel.").

As for petitioner's claim that counsel was ineffective by failing to investigate or call witnesses in support of a lower sentence, petitioner does not identify what counsel might have investigated or who counsel should have called as a witness. Counsel lodged written objections to the PSR, (DE # 24), and at sentencing, she vigorously argued in favor of petitioner receiving the acceptance-of-responsibility reduction and against the government's motion and cross-examined the government witness who testified, (3/1/18 Tr., DE # 41, at 4-5, 15-19). Also, she argued petitioner should receive a lower sentence based on his mental health issues, age, lack of family support, and acceptance of responsibility. (Id. at 23-25.) Although the court did not agree with counsel on most issues, counsel reasonably represented petitioner's interests, and

therefore, she did not act deficiently in this regard. As such, petitioner's third claim will be dismissed.

In his final claim, petitioner alleges counsel was ineffective in failing to move for a downward departure based on petitioner's mental health issues and in preventing an "improper" upward variance. (Mot., DE # 50, at 8; Resp., DE # 60, at 2.) The PSR noted petitioner's mental health issues. (DE # 25, ¶ 32.) In advocating for the appropriate sentence, counsel emphasized to the court that petitioner had untreated bipolar disorder and an anger management issue. (3/1/18 Tr., DE # 41, at 24, 25.) The court recognized this was "a particularly tough case to call" and specifically mentioned petitioner's bipolar disorder, (id. at 30), acknowledging the disorder or another mental condition may have contributed to his "problems," (id. at 33). Nonetheless, the court imposed a variant (upward) sentence. Even if counsel had moved for a downward departure based on petitioner's mental health issues, the court would not have sentenced petitioner differently, and therefore, petitioner has not suffered any prejudice as result of counsel's alleged error.

As for counsel's failure to prevent the court from varying upward, petitioner does not suggest what counsel could have done differently. As noted previously, counsel vigorously argued against any sentence above the guideline range and emphasized those sentencing factors she believed supported a lower sentence. The court considered counsel's arguments and all the sentencing factors. The court was well within its discretion to impose a variant sentence. See United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (recognizing a district court has "flexibility in fashioning a sentence outside of the Guidelines range" and the sentence is "reviewed by appellate courts for reasonableness pursuant to an abuse of discretion standard"

(citations omitted)). Petitioner cannot show that counsel acted unreasonably in conjunction with the court's imposition of an upward variance. The court will dismiss petitioner's final claim.

For the foregoing reasons, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 10 April 2020.

_____
W. Earl Britt
Senior U.S. District Judge