IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-237-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRAVEON SHAQUILLE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

On April 29, 2025, Traveon Shaquille Martin ("Martin" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 65]. On March 2, 2026, the United States responded in opposition [D.E. 72]. As explained below, the court denies Martin's motion for compassionate release.

I.

On October 30, 2017, without a written plea agreement, Martin pleaded guilty to distributing a quantity of cocaine base (crack) (counts one and two), possessing a firearm as a felon (count three), and possessing a stolen firearm (count four). See [D.E. 21, 40]. In November 2017, "while Martin was awaiting sentencing . . ., he attacked and beat a corrections officer." United States v. Martin, 748 F. App'x 501, 504 (4th Cir. 2018) (per curiam) (unpublished).

On March 1, 2018, United States District Judge W. Earl Britt held Martin's sentencing hearing and adopted the facts as set forth in the presentence investigation report ("PSR"). See [D.E. 30]; [D.E. 35]; Sent'g Tr. [D.E. 41] 8. After ruling on Martin's objections to the PSR, the court calculated Martin's total offense level to be 26, his criminal history category to be IV, and the guideline range to be 92 to 115 months' imprisonment. See Sent'g Tr. 8; PSR [D.E. 25] ¶¶

45–56, 58; [D.E. 35] 1. The court then heard evidence and statements from Martin's victims considered the United States' motion for an upward departure or variance based on Martin's criminal history, the danger Martin posed to the public, and Martin's recidivism risk. See [D.E. 28]; Sent'g Tr. 10–33. The court denied in part the government's motion for an upward departure and imposed a variant sentence of 130 months' imprisonment on counts one and two and 120 months' concurrent imprisonment on counts three and four. See Sent'g Tr. 33–39; [D.E. 34]; [D.E. 35] 3. The court explained its belief that Martin demonstrated "total and complete disregard for the law" and that Martin "wasn't really sorry, he's just sorry he got caught." Sent'g Tr. 30–31.

On March 8, 2018, Martin appealed. See [D.E. 36]. On September 7, 2018, the United States Court of Appeals for the Fourth Circuit affirmed. See Martin, 748 F. App'x at 504. On January 14, 2019, the Supreme Court of the United States denied Martin's petition for a writ of certiorari. See Martin v. United States, 586 U.S. 1120 (2019) (mem.).

On November 25, 2019, Martin moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See [D.E. 50]. On February 3, 2020, the United States moved to dismiss Martin's section 2255 motion. See [D.E. 57, 58]. On April 10, 2020, the court granted the United States' motion to dismiss, dismissed Martin's section 2255 motion, and denied a certificate of appealability. See [D.E. 61].

On April 10, 2025, the case was reassigned to the undersigned. On April 29, 2025, Martin moved for compassionate release. See [D.E. 65].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has

2

served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . .

means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n

4

extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

III.

Martin asks the court for "applicable relief" under New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). See [D.E. 65-1] 1. Martin cannot use a compassionate release motion to collaterally attack his firearms convictions in counts three and four. See Fernandez, 146 S. Ct. at 1300–07; Ferguson, 55 F.4th at 269–72. Thus, Martin's request for relief under Bruen is not cognizable under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. 1B1.13(b).

Martin also cites his rehabilitative efforts while incarcerated. See [D.E. 65] 1–2. Martin's alleged rehabilitation is not an extraordinary and compelling reason for compassionate release. See U.S.S.G. § 1b1.13(d). Furthermore, Martin's behavior while incarcerated demonstrates that Martin has not been rehabilitated. Martin has received infractions for assaulting without serious injury (two infractions), possessing dangerous weapons (two infractions), fighting (two infractions), being in an unauthorized area, and possessing an unauthorized item. See [D.E. 72-1] 1–5. Martin fails to demonstrate extraordinary and compelling reasons warranting compassionate release. Thus, the court denies Martin's motion for compassionate release.

Alternatively, even if Martin demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(5), the section 3553(a) factors counsel against granting Martin's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Martin is 32 years old and engaged in horrifying criminal conduct. In October 2016, a confidential source purchased cocaine base (crack) twice from Martin. See PSR ¶¶ 10–11. On April 18, 2017, officers with the Raleigh Police Department attempted to arrest Martin on outstanding warrants unrelated to Martin's federal

5

charges. See id. ¶ 12. Martin attempted to flee before the officers apprehended him. See id. Martin and an officer struggled as Martin reached for his waistband. See id. During the struggle, Martin struck one officer, cutting the officer and leaving a bruise on the officer's neck. See id. When the officers finally subdued Martin, they recovered a stolen .38 caliber pistol from Martin's waistband (which Martin had tried to grab during his altercation with the officers), ten dosage units of crack, and $173 from Martin's person. See id.

While awaiting federal sentencing from state custody, Martin savagely assaulted a correctional officer as the officer passed food trays out to inmates. See id. ¶ 25. Martin smacked a food tray out of the officer's hands, then struck the officer several times with his fist. See id. Martin continued to strike the officer while the officer fell to the ground and tried to escape. See id. The officer lost consciousness during the attack and required serious medical attention, including stitches. See id. Martin's brutal assaults on law enforcement officers demonstrates his contempt for the law.

Martin's heinous offense conduct was nothing new. Before his federal convictions, Martin received state felony convictions for being an accessory after the fact to robbery with a dangerous weapon and possessing a firearm as a felon. See id. ¶¶ 18–19. Martin also received state misdemeanor convictions violating a domestic violence protective order and for larceny. See id. ¶¶ 20–21. Despite receiving extremely lenient sentences for these repeated interactions with the state criminal justice system, Martin's criminal behavior escalated.

The court has considered the entire record, the section 3553(a) factors, Martin's arguments, and the government's persuasive response. The court also has considered the need to punish Martin for his appalling criminal behavior, to incapacitate Martin, to promote respect for the law, to deter others, and to protect society from Martin. Given the entire record, the court denies

6

Martin's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 65].

SO ORDERED. This 22 day of June, 2026.

JAMES C. DEVER III
United States District Judge